GEORGE W. WARD AND A. J. GAY, *Appellants*, v. GERMAN-AMERICAN LUMBER COMPANY, A CORPORATION, *Appellee.*

One who purchases timber rights with actual notice of a prior contract for the sale thereof and has not paid the purchase price or any part of it, is not a *bona fide* purchaser for value and without notice and cannot hold as against one in possession under the prior contract.

This case was decided by Division A.

Appealed from the Circuit Court for Washington County.

The facts in the case are stated in the opinion of the court.

*D. J. Jones* and *Wm. W. Flournoy,* for Appellants;

*Blount* & *Blount* & *Carter,* for Appellee.

WHITFIELD, C. J.—This appeal is from a decree adjudging timber rights in certain lands to be in the appellee and enjoining the appellants from interfering therewith. Gay, the owner of the lands, entered into a bilateral contract with L. M. Ware by which Gay did "agree to bargain, sell and convey" to Ware certain timber rights. Ware assigned his rights under the contract to the German-American Lumber Company as the contract expressly authorized him to do. Subsequently Gay executed a deed to the timber rights in the lands to George W. Ward. The German-American Lumber Company brought a suit against Ward and Gay to enforce its rights. The defense made by Ward is that the contract between Gay and Ware is a conveyance of the timber rights from Gay to Ware, and though recorded, it is not binding on Ward since the instrument was not attested by two subscribing witnesses. Gay sets up that he made the sale to Ward in good faith because of the complainant having violated the "contract between the said Gay and the said Ware by complainant's persistent cutting and removing timber from said lands smaller" than that allowed by the contract. If the instrument executed by Gay and Ware was not a valid conveyance for want of two subscribing witnesses, it was a contract binding on the parties. It clearly appears that Ward had actual notice of the contract between Gay and Ware as to the timber rights in the land, before the purchase of the rights by Ward was completed, and it also appears that no actual payment has been made, and the

only note given by Ward is past due and in the hands of Gay, the payee, and no effort has been made to enforce its payment. Manifestly Ward is not a bona fide purchaser for value. Even if the contract for the sale of the timber rights made between Gay and Ware, and assigned by Ware to the German-American Lumber Company, has been violated as to the timber taken under the contract, such violation does not dispose of the contract so as to authorize Gay to sell to Ward the timber rights involved in the contract.

The decree is affirmed.

Shackleford and Cockrell, J. J., concur.

Taylor, Hocker and Parkhill, J. J., concur in the the opinion.